FILED
SEP 10 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **4:20CR00505 SEP** |
| v. ) | |
| ) | |
| PETER H. BENOIST JR., ) | |
| ) | |
| Defendant. ) | |

**INFORMATION**

The United States Attorney charges that:

**COUNT ONE**
**[WIRE FRAUD: 18 U.S.C. § 1343]**

**INTRODUCTION**

1. From 2012 until on or about November 8, 2019, the defendant, **PETER H. BENOIST JR.**, ("Defendant Benoist") devised and intended to devise a scheme to defraud the VICTIM company and to obtain money by means of materially false and fraudulent pretenses, representations and promises.

2. Victim provides environmental contracting services throughout the United States, including waste remediation, recycling of chemical byproducts, emergency response, demolition, and waste removal.

3. A large part of Victim's business is transportation of hazardous waste from job sites to remediation contractors for disposal. Victim tanker trucks load waste at a customer's facility, and the customer signs a manifest agreeing that a certain volume of waste is being turned over to Victim. Victim later invoices the customer for payment of the waste disposal after completion of the project.

1

4. In 1998, Defendant Benoist was hired at Victim company. As a Strategic Account Manager, Defendant Benoist was responsible for ensuring that job cost and invoices were correctly entered into Victim's financial tracking software. As part of his job duties, Defendant Benoist would receive a shipping manifest for each job, and was supposed to then enter accurately estimated disposal cost information into Victim's financial tracking software. Typically, Strategic Account Managers estimated the disposal cost until the actual cost was known. Once Victim was invoiced for the job, Strategic Account Managers were responsible for replacing the estimated disposal cost with the actual cost.

5. Defendant Benoist was compensated with a salary plus commission. Commissions were calculated based on final gross profit based on the actual cost of a job, and not the estimated cost.

6. Victim paid Defendant Benoist a commission consisting of 25 percent of the profit from each job. Profit was calculated by subtracting the total cost of the job from the total revenue. Total cost was the summation of the variable cost and fixed cost.

7. As a Strategic Account Manager, Defendant Benoist maintained a spreadsheet in which he was supposed to log and track all project data, including the invoice amount, fixed costs, variable cost, total cost, and the total commission he was due. Defendant Benoist submitted the spreadsheet to his supervisor at the end of the month.

## MANNER AND MEANS

8. It was a part of the scheme that beginning in 2012, Defendant Benoist consistently, falsely, and knowingly reported project costs lower than the actual project cost. Because Defendant Benoist falsely reported lower project costs, the profit margin on his projects was

fraudulently increased, which yielded higher commission payments from Victim to Defendant Benoist.

9.     It was further a part of the scheme that Defendant Benoist's consistent, fraudulent misrepresentations of project costs resulted in an actual loss to Victim of $479,141.60 in commission overpayments to Defendant Benoist.

10.    It was further a part of the scheme that on or about November 4, 2019, Defendant Benoist submitted a commissions-payable spreadsheet which included a waste hauling and remediation project listed under invoice number 17249. Defendant Benoit falsely listed the total revenue as $27,720, and the total project cost as $7,844. This fraudulent representation of the project cost resulted in a total profit calculation of $19,876. Based on this false project cost figure, the defendant fraudulently represented to Victim that the commission due to him was $4,969. The true total cost for the project was $18,868.27, resulting in total profit of $8,851.73 ($27,720 − $18,868.27), and a true commission payment of $2,212.93. Due to the Defendant's misstatement of the project cost and commission due and owing to him, Victim overpaid him $2,756.07 in commission on invoice number 17249.

11. It was further part of the scheme to defraud that the November 4, 2019 commission-payable report falsely completed by Defendant Benoist's included a fraudulent total gross commission payable for the month of $59,338.76, which resulted in Defendant Benoist receiving an after-withholdings payment of $35,889.25.

12.    On or about November 8, 2019, in the Eastern District of Missouri, the defendant,

**PETER H. BENOIST JR.,**

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce certain signals and sounds resulting in the direct

3

deposit of $35,889, which was sent by means of interstate wire from PNC Bank's internet server in Richmond, VA into the internet server for Defendant's personal bank account with US Bank in Minnesota.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1. The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count 1 of this Information, the defendant, **PETER H. BENOIST JR.**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2) to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation.

3. If any of the property described above, as a result of any act or omission of the defendant[s]:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2) and 28 U.S.C. § 2461(c).

                                      Respectfully submitted,

                                      JEFFREY B. JENSEN
                                      United States Attorney

                                      */s/ Linda Lane*

                                      LINDA R. LANE, # 0011451IA
                                      Assistant United States Attorney
                                      111 South 10th Street, Room 20.333
                                      St. Louis, Missouri 63102
                                      (314) 539-2200

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| EASTERN DIVISION | ) |
| EASTERN DISTRICT OF MISSOURI | ) |

I, Linda R. Lane, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

_____
LINDA R. LANE, # 0011451IA

Subscribed and sworn to before me this __27th__ day of __August__, 2020

Gregory J. Linahres
CLERK, U.S. DISTRICT COURT

By: __/s/Jason W. Dockery__
DEPUTY CLERK

